# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**PRESTON LEONARD SCHOFIELD,**

    **Plaintiff,**

vs.                                                                    **Case No. 4:18cv185-MW/CAS**

**STATE OF FLORIDA DEPARTMENT**
**OF REVENUE, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on April 4, 2018, by submitting a document which he titled "motion for permanent injunction." ECF No. 1. However, Plaintiff did not pay the filing fee for this case or file an in forma pauperis motion. An Order was entered directing Plaintiff to do one or the other no later than May 23, 2018. ECF No. 3. Additionally, Plaintiff was also required to file a proper complaint on the complaint form used in this Court. *Id.* Plaintiff was warned that if he failed to comply with that Order, a recommendation would be made to dismiss this case. *Id.* As of this date, Plaintiff has not complied and has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff was warned that if he failed to comply, a recommendation would be made to dismiss this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a court order.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**